# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0560-17T3

T.M.,

    Plaintiff-Appellant,

v.

R.M.,

    Defendant-Respondent.

_____

    Submitted December 20, 2018 – Decided March 14, 2019

    Before Judges Whipple and DeAlmeida.

    On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-0347-18.

    Adam W. Toraya, attorney for appellant.

    Respondent has not filed a brief.

PER CURIAM

    Plaintiff, T.M. appeals from an August 18, 2017 Family Part order dismissing her temporary restraining order (TRO) against defendant, R.M.

According to the complaints outlined by plaintiff in her TRO from the Weehawken Municipal Court, when plaintiff went to retrieve artwork from defendant's home, the parties began arguing because plaintiff was upset defendant's new girlfriend was sending plaintiff direct messages on social media and harassing her. According to plaintiff she raised her hand to hit defendant and missed; defendant swung back and struck plaintiff. Both parties were arrested.

The parties filed separate complaints and were granted TROs against each other. On August 18, 2017, both parties appeared before the Family Part seeking Final Restraining Orders (FRO) under the two separate docket numbers, plaintiff's FV-09-0347-18 and defendant's FV-09-0391-18. The Family Part judge found plaintiff was the aggressor in the altercation and defendant had proven predicate acts sufficient to issue a FRO against plaintiff. The judge entered an order dismissing plaintiff's TRO under FV-09-0347-18 and granted defendant's request for an FRO under FV-09-0391-18. On October 2, 2017, plaintiff filed a notice of appeal of FV-09-0347-18, the order of dismissal. She did not appeal the entry of the FRO under FV-09-0391-18.

On appeal, plaintiff asserts the issuance of the FRO was an error, arguing that the trial judge failed to properly consider the prongs set forth in Silver v.

A-0560-17T3

<u>Silver</u>, 387 N.J. Super. 112, 125-27 (App. Div. 2006), and did not consider the criteria set forth in N.J.S.A. 2C:25-29a. However, plaintiff did not appeal the entry of the FRO. She filed a notice of appeal that only sought relief from the dismissal of her TRO. Neither the notice of appeal, nor the case information statement address the FRO. "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler and Verniero, <u>Current N.J. Court Rules</u>, cmt. 6.1 on <u>R.</u> 2:5-1(e)(1) (2019); <u>see</u> <u>1266 Apt. Corp. v. New Horizon Deli, Inc.</u>, 368 N.J. Super. 456, 459 (App. Div. 2004); <u>Fusco v. Bd. of Educ.</u>, 349 N.J. Super. 455, 461-62 (App. Div. 2002); <u>Campagna v. Am. Cyanamid Co.</u>, 337 N.J. Super. 530, 550 (App. Div. 2001). We are obliged to limit our consideration to the question of whether the trial judge erred dismissing the TRO. Since plaintiff did not raise any argument asserting error in the judge's determination that she had not had proven predicate acts sufficient for the issuance of an FRO against defendant, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0560-17T3